IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 05 CR 9-1 |
| ADAM B. RESNICK ) | |
| ) | Judge Wayne Andersen |
| Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| DOMINIC POETA, ) | |
| ) | |
| Third-Party Citation Respondent. ) | |

**UNITED STATES' MOTION FOR ENTRY OF JUDGMENT
ON ITS PETITION FOR RELIEF AGAINST DOMINIC POETA**

The United States of America, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, moves for entry of judgment on its petition for relief against Dominc Poeta for $891,111 plus prejudgment interest. At his citation examination, the United States presented Dominc Poeta with evidence that he received $891,111 from Adam Resnick and gave nothing in return. When it filed its petition seeking a judgment in that amount, Poeta responded by filing a dilatory memorandum questioning venue. The United States' detailed Petition presents no disputed material issues of fact. The petition shows that when presented with checks Resnick wrote him, Poeta asserted his Fifth Amendment Privilege, and in response to the questions about whether he was a bookie and the checks written to pay illegal gambling debts, Poeta continued to maintain his privilege not to speak. In so doing, Poeta essentially abandoned any factual dispute regarding his fraudulent receipt of $891,000 and as such there should be no impediment to this court entering judgment. In further support of its motion the plaintiff states:

1.      Poeta's memorandum in opposition contests venue arguing, pursuant to Illinois Supreme Court Rule 277(d), for a Lake County venue where he is a resident. Venue can be a matter of personal jurisdiction, which is subject to waiver, or subject-matter jurisdiction, which is not. *Moore v. Olsen*, 368 F.3d757, 759 (7th Cir. 2004). As Poeta acknowledges, the Illinois courts recognize the venue provision of Illinois Supreme Court Rule 277(d) (requiring citation proceeding to be instituted in the respondent's county of residence) as subject to waiver. Memo. In Opp., p. 5 (*citing Bank of Hickory Hills v. Hammann*, 439 N.E.2d 1048 (Ill. App. 1st Dist. 1982).

2.      Under Illinois Supreme Court Rule 277, Poeta's real quarrel is not with this court's subject matter jurisdiction, but rather its personal jurisdiction over Poeta. Consequently, Poeta misrepresents the law when he states that "[u]nder the Illinois rule [277d(d)], the Lake County situs is mandatory." Memo. In Opp., p. 2. He wrongly portrays the state courts of Lake County as having exclusive subject matter jurisdiction over the citation examinations of its residents. Poeta's characterization is obviously incorrect or else Illinois courts would not regard Rule 277's venue provision as subject to waiver. *Moore*, 368 F.3d at 759.

3.      It is thus clear that the district court has subject matter jurisdiction for all the reasons stated in paragraph 4 of the United States' Petition, which Poeta does not dispute, nor could he as he impliedly does when he suggest the United States should go to the state courts to enforce its judgment.[1]

---

[1] In a case where the United States was enforcing a criminal fine, and using procedures no different than it is using here to collect restitution, the Seventh Circuit held:

> The United States *always* gets to litigate in its own courts. . . Any effort to collect a debt due to the United States presents a claim under federal law, although state law may supply the substance of that federal law. . . Federal jurisdiction therefore is secure.

*United States v. Vitek Supply Corp.*, 151 F.3d 580, 586 (7th Cir. 1998) (internal citations omitted)
(continued...)

4. Poeta's venue issue is a challenge to the court's personal jurisdiction over him, but he waived the issue. As the Petition shows (¶¶ 19-21) he raised venue only after appearing for his citation examination, and after the United States filed its detailed Petition for Relief. Under both Illinois law and federal law Poeta waived any venue objection. *Bank of Hickory Hills v. Hammann*, 439 N.E.2d 1048 (Ill. App. 1st Dist. 1982) (unless venue is asserted before the return date of a citation to discover assets the issue is waived); *American Patriot Ins. Agency v. Mut. Risk management, Ltd.*, 364 F.3d 884, 887-88 (7th Cir. 2004)(citing cases) (venue can be waived by conduct that lulls the plaintiff into expending effort or is calculated "to find out which way the wind is blowing"). As it is clear that he waived it, Poeta raises the venue issue merely for the purposes of delay instead of addressing the merits of the Petition.

5. Under such circumstances as Poeta's, the Seventh Circuit has affirmed the summary entry of judgement against a citation respondent. *Resolution Trust Corp. V. Ruggiero*, 994 F.2d 12221, 1227-28 (7th Cir. 1993) (affirming district court's entry of judgment on creditor's postjudgment petition after striking citation respondent's frivolous Rule 12 motion that sought to dismiss for failure to state a claim and presenting no evidence of factual errors in the petition). In citation proceedings, a district court is not bound to strictly follow the federal rules of civil procedure nor must it apply "every jot and tittle of Illinois procedural law and every jot and tittle of federal procedural law." *Id*. at 1226. "Proceedings to enforce judgments are meant to be swift, cheap, informal." *Id*.

6. Consequently, based on the detailed Petition presented by the United States showing

---

[1](...continued)
(emphasis supplied). *Vitek* makes clear when the United States is enforcing a money judgment, the district court need not resort to concepts of supplemental jurisdiction. *Id. Compare with Yang v. City of Chicago*, 137 F.3d 522, (7th Cir. 1998)(district court has supplemental jurisdiction to enforce federal district court judgement on behalf of private litigant via FED. R. CIV. P. 69 proceeding).

Poeta received $891,000 from Resnick and gave nothing in return, and based on Poeta's decision to not factually contest the facts set forth Petition, both by his prior invocation of the Fifth Amendment and by his decision to present only frivolous arguments in response to the Petition, this court would be acting within its discretion to enter judgment against Poeta.

Wherefore, the United States requests this court to enter judgment on its Petition in favor of United States and against Dominic Poeta for $891,111 plus prejudgment interest.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: /s Joseph A. Stewart
    JOSEPH A. STEWART
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 469-6008