# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 05-CR-000009 |
| vs. | ) |
| | ) The Honorable Joan H. Lefkow |
| ADAM RESNICK, | ) |
| | ) |
| Defendant. | ) |

## PROTECTIVE ORDER

This Protective Order relates to the documents originally filed as Docket Nos. 71 and 78. Counsel of Record in Civil Action No. 07-C-5777 for Philip and Morris Esformes, and Omnicare, Inc. ("Intervening Counsel"), have intervened to obtain access to these documents as members of the general public seeking access to court files and based on the belief that the documents may have relevance to a civil case currently pending before The Honorable Amy St. Eve.

Intervening Counsel were previously provided with copies of the bulk of Docket Nos. 71 and 78. However, the U.S. Government and Mr. Resnick contend that certain pages of FBI 302 Reports of Interview found in Docket Nos. 71 and 78 contain information that could represent a security risk to Mr. Resnick, personal identifying information of Mr. Resnick and other witnesses, and medical reports regarding Mr. Resnick have been withheld from Intervening Counsel. The U.S. Government and Mr. Resnick further contend that all of the materials within Docket Nos. 71 and 78 that have been withheld from Intervening Counsel is material that would not, pursuant to Court and United States Attorney's Office protocols, be released into the public domain. The Court indicated that these materials would not be unsealed.

On January 26, 2011, the Court stated that Intervening Counsel should have an opportunity to review the pages that have been withheld from them for purposes of assuring themselves that the materials are not relevant to their civil action. However, the Court ordered that before Intervening Counsel could review the withheld materials, they would need to enter into a protective order specifying that there was not to be any disclosure of the withheld materials.

Accordingly, the Court enters the following Protective Order (the "Protective Order"):

1. **Definitions.** As used in this Protective Order, these terms have the following meanings:

> "The Action" shall mean *United States ex rel. Nehls v. Omnicare, Inc., Morris Esformes and Phillip Esformes*, United States District Court, Northern District of Illinois, Civil Action No. 07-C-5777.
>
> "Sealed Materials" means material that Mr. Resnick's counsel, the United States Attorney's Office, or both counsel for Mr. Resnick and the United States Attorney's Office have concluded should remain sealed based on privacy and/or personal security concerns.
>
> "Intervening Counsel" shall mean: James P. White, Joseph E. Cwik, Harvey Tettlebaum and Tom Vaughn on behalf of Morris Esformes; Michael Pasano, Marissel Descalzo and Joseph E. Cwik on behalf of Philip Esformes; Anton Valukas, Richard P. Campbell, Sandi Toll, and Suzanne Jaffee Bloom on behalf of Omnicare, Inc., and the formally employed personnel necessary to assist Intervening Counsel in the Action, such as litigation assistants, paralegals, and secretarial or other clerical personnel.
>
> "Eligible Intervening Counsel" shall mean: those Intervening Counsel who have signed and completed the Acknowledgement And Agreement To be Bound attached as Exhibit A hereto.

2. Intervening Counsel agree that the Court has stated that they are being provided access to the Sealed Materials for the limited purpose of determining whether the Sealed Material may need to be used in the Action.

3. Sealed Materials will be clearly marked "SEALED MATERIALS" on each page that contains full or partial redactions with those designated redactions being clearly indicated.

4. Eligible Intervening Counsel will review the Sealed Materials that have inadvertently been produced to them in connection with The Action and will be provided with copies of the Sealed Material from the remaining FBI 302 Report that they have not already obtained in The Action. Eligible Intervening Counsel will have 5 business days to review this material and will then destroy all copies of the Sealed Materials, paper and electronic.

5. The Court has found that the Sealed Materials are remaining sealed by order of this Court based on privacy and personal security concerns for Mr. Resnick and for other individuals identified in the Sealed Materials. Eligible Intervening Counsel and Resnick's counsel of record are ordered that they will not disclose the information contained in the Sealed Materials to any person, at any time, for any reason, unless there is further Order of this Court or the conditions in paragraph 5 below are satisfied. The restriction applies to other attorneys not currently of record in The Action, their clients in The Action, retained experts in The Action, to Mr. Tim Anderson, and to all other individuals, absent further Order of this Court.

6. In the event that Eligible Intervening Counsel conclude that they wish to use information contained in the Sealed Materials in connection with The Action, they must make a formal Motion to this Court to request the ability to make use of the material. The request must set forth in writing: (1) the specific information they seek to use; (2) the manner in which they propose using the information; and (3) the reason they believe they should be entitled to use the Sealed Materials. The Motion is to be filed under seal. Notice of this Motion must be sent to the undersigned counsel as well as to Assistant United States Attorney Edward G. Kohler.

7. Absent an Order from this Court specifically allowing the use of some part of the Sealed Materials, Eligible Intervening Counsel and Mr. Resnick's counsel of record in the Action agree that they may make no use of the Sealed Materials in connection with The Action or any other case. They will make no reference to the Sealed Materials in any depositions, court proceedings, or filings at any time, unless there is further Order from this Court and the conditions required in paragraph 5 above have been satisfied.

8. Eligible Intervening Counsel and Intervening Counsel agree that they will not copy or reproduce in any fashion, including electronically, any part of the Sealed Materials.

9. If any person violates or threatens to violate the terms of this Stipulated Protective Order, the Parties agree that the aggrieved Party immediately may apply to obtain injunctive relief against any such person. The Parties agree that, if the aggrieved Party demonstrates a reasonable

likelihood of success on the merits, the aggrieved Party will be irreparably harmed in the absence of injunctive relief. The Parties and any other person subject to the terms of this Stipulated Protective Order agree that this Court shall retain jurisdiction over the Parties and any other person subject to the terms of this Protective Order for the purpose of enforcing this Order, notwithstanding any subsequent disposition of The Action absent further Order of this Court.

10. Counsel for Resnick shall e-mail, fax, or hand deliver those pages containing SEALED MATERIALS that are not already in the possession of Intervening Counsel within 2 business days after entry of this Order.

11. The terms are binding from the date this Protective Order is approved by the Court. The obligations imposed by this Protective Order shall survive the termination of The Action.

**AS STIPULATED BY:**

/s/ David J. Chizewer
David J. Chizewer
Matthew K. Organ
Nury R. Agudo
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
Phone: (312) 201-4000

/s/ Joseph E. Cwik
Joseph E. Cwik
HUSCH BLACKWELL LLP
120 South Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
Phone: (312) 655-1500

/s/ Richard P. Campbell
Richard P. Campbell
JENNER & BLOCK LLP (#05003)
353 North Clark Street
Chicago, Illinois 60654-3456
Phone: (312) 222-9350

/s/ Carolyn Pelling Gurland
Carolyn Pelling Gurland
2 North LaSalle Street
Chicago, Illinois 60602
Phone: (312) 420-9263

**IT IS SO ORDERED:**

*[signature]*
Judge Joan H. Lefkow

**DATE:** March 4, 2011

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of Illinois in the case of *United States v. Resnick*, United States District Court, Northern District of Illinois, Case No. 05-CR-00009. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of The Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____